**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **WILLIAM E. HAWKINS,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DRUG ENFORCEMENT** )<br>**ADMINISTRATION; UNITED STATES** )<br>**MARSHAL SERVICE; EXECUTIVE** )<br>**OFFICE FOR THE UNITED STATES** )<br>**ATTORNEYS; BUREAU OF ALCOHOL,** )<br>**TOBACCO, FIREARMS AND** )<br>**EXPLOSIVES; FEDERAL BUREAU OF** )<br>**INVESTIGATION; and DEPARTMENT OF** )<br>**JUSTICE, Criminal Division,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 05-278-GPM** |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on January 5, 2009, for hearing on Plaintiff's motion for summary judgment and Defendants' motion to dismiss or, alternatively, for summary judgment.[1] The Court will not reiterate the arguments and analysis provided on the record during the hearing. During the hearing, Plaintiff cited several cases, which the Court reviewed on the record. Out of an abundance of caution, the Court took the pending motions under advisement to allow further review of *Bennett v. Drug Enforcement Agency*, 55 F. Supp. 2d 36 (D.D.C. 1999), and cases that cite it. *Bennett* is a district court opinion, so it has no precedential value, but it involves similar issues. *See,*

---

[1]Defendants' motion is considered under Federal Rule of Civil Procedure 56, as both sides have submitted matters outside the pleadings.

*e.g., Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457-58 (7th Cir. 2005).

The Court has carefully reviewed *Bennett* and subsequent cases and remains convinced, as it was during the hearing, that Plaintiff is not entitled to the documents he seeks under the Freedom of Information Act (FOIA) without either proof of death or consent of the third-party that is the subject of the information. The favorable result in *Bennett* was due to that case being "unlike the typical FOIA case, which generally is brought by a prisoner wishing to obtain information protected by personal privacy exemptions in order to challenge his conviction." *Bennett*, 55 F. Supp. 2d at 41. In *Bennett*, the plaintiff sought to uncover and expose allegedly illegal activities of the Drug Enforcement Agency (DEA) and its confidential informant, Chambers. *Id*. The plaintiff produced compelling evidence of illegal agency activity, and disclosure of the information sought was necessary to confirm whether the plaintiff's research was backed by the agency's records. Because the evidence submitted by the plaintiff suggested "massive government misconduct," the public interest in disclosure of the information "far outweighed" any privacy interest that Chambers may have had. *Id*. at 42-43.

Such is not the case in the matter before this Court. Plaintiff seeks information relating to 14 individuals he calls "informants" who were allegedly paid by various agencies during the period from 1984 through 1992. He specifically requests such information as it "stem[s] from [his] conviction in the United States District Court, Southern District of Illinois in May of 1992" and as it pertains to the Government's witnesses in that criminal case (Doc. 1, p. 2). In his papers, he states that he seeks to uncover illegal and improper methods used by government agencies – clearly trying to follow the dictates of *Bennett*. However, he challenges such "illegal and outrageous investigatory methods" because they allegedly were used to develop the "initial indictment and conviction of

Plaintiff. That the six defendant's [sic] were involved in actions that was 'both purposefully illegal and intentionally, bad faith of hostility directed at violating Plaintiff's Constitutional rights'" (Doc. 66, p. 4). This case is not about uncovering possible misconduct as alleged in *Bennett*; rather, it is the typical FOIA case in which a prisoner wants to obtain information that is protected by personal privacy exemptions in order to challenge his conviction. *See Bennett*, 55 F. Supp. 2d at 41.

Defendants have adequately stated their grounds for nondisclosure of the information sought by Plaintiff, and Plaintiff has failed to demonstrate that the public interest would be served by such disclosure. Plaintiff's motion for summary judgment (Doc. 61) is **DENIED**, and Defendants' motion for summary judgment (Doc. 62) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 02/05/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge